IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 09 CR 436 |
| v. | ) |
| | ) Judge Joan H. Lefkow |
| LOUIS J. QUILICI | ) |

FILED
1-26-10
JAN 26 2010
JUDGE JOAN H. LEFKOW
UNITED STATES DISTRICT COURT

## DEFENDANT QUILICI'S PLEA DECLARATION

The defendant, LOUIS J. QUILICI, after extensive consultation with his attorney, Paul E. Paprocki, acknowledges and states the following:

1. He has been charged in an information with one count of tax evasion in violation of 26 U.S.C. §7201.

2. He has read the charge against him contained in the information, and that charge has been fully explained to him by his attorney.

3. He fully understands the nature and elements of the crime with which he has been charged.

4. Mr. Quilici will enter a voluntary plea of guilty to the information in this case.

### Factual Basis

5. Mr. Quilici will plead guilty because he is in fact guilty of the charge contained in the information. In pleading guilty, Mr. Quilici acknowledges that:

**EMCO**

Employee Management Corporation ("EMCO") was an Illinois corporation engaged in the business of temporary employee leasing, temporary employment placements, and payroll preparation. From about 1988 to early 2004, defendant LOUIS J. QUILICI was an officer and employee of EMCO, and owned approximately 20% of EMCO, while defendant's father owned the remaining shares. In or about early 2003, defendant QUILICI relinquished his shares in

EMCO and resigned his position as an officer.

From about early 2003 to 2005, Defendant QUILICI remained as an employee of EMCO, retaining all his managerial roles including, but not limited to, working in sales and performing various other duties in connection with the ongoing operation of the business.

From in or about April 2002 through in or about February 2004, defendant QUILICI caused EMCO to issue approximately 111 payroll checks in the names of individuals who were not current employees of EMCO, and in the total approximate amount of $173,000. Defendant QUILICI obtained those checks and cashed them at the Amcore Bank. Defendant then converted a substantial portion of those funds to cash for his own benefit.

The defendant further acknowledges that he withdrew funds from EMCO bank accounts and that he then converted those funds to his personal use and did not report said funds as his personal income. Mr. Quilici does not agree with the total amount of loss and consequent non-payment of tax as stated by the Government in the information.

Mr. Quilici deeply regrets his inexcusable actions in this case.

6. Mr. Quilici understands that the charge to which he will plead guilty carries a maximum incarceration sentence of 5 years, and a maximum fine of $250,000. Furthermore, Mr. Quilici understands that the charge carries a maximum term of supervised release of up to 3 years.

7. Mr. Quilici understands that in accord with federal law, Title 18, United States Code, Section 3013, he will be assessed $100 for the charge to which he has pled guilty in addition to any other penalty imposed.

## Preliminary Sentencing Guidelines Calculations

8. Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

   a. **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the

calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2008 Guidelines Manual.

    b. **Offense Level Calculations.**

        i. The base offense level for the offense of conviction is 18 because the amount of tax loss is more than $200,000, but less than $400,000, pursuant to Guideline §§2T1.1(a) and 2T4.1;

        ii. Mr. Quilici admits his guilt, is extremely remorseful for his crime, and accepts full responsibility for his actions. He understands that a 2 level reduction for acceptance of responsibility under §3E1.1 may apply, if this Court finds that he has in fact accepted responsibility for his actions.

        iii Furthermore, Mr. Quilici informed the Court and the government that he intended to plead in a timely manner, and has plead guilty in a timely manner, thus permitting the government to avoid preparing for trial. An additional 1 level reduction is therefore appropriate pursuant to §3E1.1(b).

    **c. Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known and stipulated below, defendant's criminal history points equal 1 and defendant's criminal history category is I:

        i. On or about November 6, 2004, defendant was convicted of possession of a controlled substance in the Circuit Court of Cook County and sentenced to 24 months probation.

    **d. Request For Departure** Mr. Quilici reserves the right to request a downward departure or variance on any grounds he deems appropriate. He understands that any decision to depart or vary from the applicable guidelines lies solely within the discretion of the Court.

9. Mr. Quilici understands that the probation office and the government will conduct their own investigations. He understands that ultimately the Court will determine the facts and law relevant to sentencing, and that the Court's determinations will govern the final Sentencing Guidelines calculations.

10. Representations or errors in calculations or interpretation of any of guidelines or laws may be corrected or amended by the defendant prior to sentencing. He may correct these errors or misinterpretations by a statement to the probation office and/or court setting forth the

disagreement as to the correct guidelines or laws and their application.

### **Trial Rights and Appellate Rights**

11. Mr. Quilici understands that by pleading guilty he surrenders certain rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have input into the selection of the jury by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

(c) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. He understands that he would be under no obligation to do so, however, because he is presumed to be innocent and, therefore, need not prove his innocence. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(e) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

(f) Mr. Quilici understands that he has a right to have the charges prosecuted by an

indictment returned by a concurrence of twelve or more members of a legally constituted grand jury consisting of not less than sixteen and not more than twenty-three members. By signing this Plea Declaration, Mr. Quilici knowingly waives his right to be prosecuted by indictment and to assert at trial or on appeal any defects or errors arising from the information, the information process, or the fact that he has been prosecuted by way of information.

12. Mr. Quilici understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. By pleading guilty Mr. Quilici admits he is guilty and agrees that he should be found guilty. Mr. Quilici's attorney has explained those rights to him, and the consequences of his waiver of those rights. Mr. Quilici further understands that he is waiving all appellate issues that might have been available if he had exercised his right to trial, and only may appeal the validity of this plea of guilty or the sentence.

### Limitations and Consequences of this Plea Declaration

13. Mr. Quilici understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation Office of the nature, scope and extent of his conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing. Mr. Quilici further understands that he will be able to present evidence in mitigation at the time of sentencing.

14. Mr. Quilici understands that the sentencing guidelines are no longer mandatory, and that this Court's decision as to what sentence constitutes a sentence "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. §3553(a) may result in a sentence either within, greater, or less than the applicable sentencing guideline range. Mr. Quilici understands that the applicable sentencing guideline range is one factor which this Court is required to take into consideration under 18 U.S.C. §3553(a)(4), along with the other required factors under §3553(a).

15. Should this Court refuse to accept Mr. Quilici's plea of guilty, this Plea Declaration shall become null and void and defendant will not be bound thereto. It is the defendant's position that, should the Court decline to accept his plea, this Plea Declaration and the ensuing

court proceedings are inadmissible in later court proceedings pursuant to Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410.

16. Mr. Quilici understands that at the time of sentencing, the government and the defendant will be free to make their respective recommendations to the Court as they believe are lawful and appropriate.

17. Mr. Quilici agrees that this Plea Declaration shall be filed and become part of the record of the case.

18. Mr. Quilici and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, to induce him to plead guilty. Mr. Quilici further acknowledges that he has read this Plea Declaration and carefully reviewed each provision with his attorney.

Signed this __26__ day of January, 2010

_____
Louis J. Quilici, Defendant

By: _____
Paul E. Paprocki
Attorney for Defendant